FILED
2021 Nov-10 PM 05:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SHELIA T. WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CITY OF ASHVILLE, | ) |
| MAYOR DERRICK MOSTELLA (in his official and individual capacities), | ) |
| CITY COUNCIL MEMBERS ROBIN BOWLIN (in his official and individual capacities), | ) Case No.: |
| EDWARD ROSCOE LANE (in his official and individual capacities), | ) JURY DEMAND |
| SUE PRICE (in her official and individual capacities), | ) |
| SHIRLEY SMITH (in her official and individual capacities), and | ) |
| R. DENISE WILLIAMS (in her official and individual capacities), | ) |
| Defendants. | ) |

## COMPLAINT

I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331

(federal question), 28 U.S.C. § 1343 (civil rights), 29 U.S.C. § 626(c) (Age Discrimination in Employment Act), 42 U.S.C. § 1983 (deprivation of civil and constitutional rights), and 42 U.S.C. § 2000(e) (Title VII of the Civil Rights Act of 1964, as amended). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by these statutes and the Fourteenth Amendment of the United States Constitution, providing relief against discrimination and retaliation in the workplace.

II.   PARTIES

2.   Plaintiff Shelia T. Williams ("Plaintiff" or "Williams") is an adult United States citizen who resides in the Northern District of Alabama.

3.   Defendant City of Ashville ("Defendant" or "City") was Williams's employer at all times relevant to this Complaint. The City is a municipal corporation located in the Northern District of Alabama.

4.   The City employs twenty (20) or more employees.

5.   The City is a recipient of federal funds.

6.   Defendant Derrick Mostella ("Defendant" or "Mostella") was the Mayor of the City of Ashville at all times relevant to this Complaint. Mostella resides in the Northern District of Alabama.

7.   Defendant Robin Bowlin ("Defendant" or "Bowlin") was a City Council Member of the City of Ashville at all times relevant to this Complaint.

Bowlin resides in the Northern District of Alabama.

8. Defendant Edwards Roscoe Lane ("Defendant" or "Lane") was a City Council Member of the City of Ashville at all times relevant to this Complaint. Lane resides in the Northern District of Alabama.

9. Defendant Sue Price ("Defendant" or "Price") was a City Council Member of the City of Ashville at all times relevant to this Complaint. Price resides in the Northern District of Alabama.

10. Defendant Shirley Smith ("Defendant" or "Smith") was a City Council Member of the City of Ashville at all times relevant to this Complaint. Smith resides in the Northern District of Alabama.

11. Defendant R. Denise Williams ("Defendant" or "R. Denise Williams") was a City Council Member of the City of Ashville at all times relevant to this Complaint. R. Denise Williams resides in the Northern District of Alabama.

12. Plaintiff brings this lawsuit against Defendants Mostella, Bowlin, Lane, Price, Smith, and R. Denise Williams in their official and individual capacities.

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Exhibit A.

14. Plaintiff received a Notice of Right to Sue from the EEOC before timely filing this Complaint. Exhibit B.

15. Plaintiff has exhausted all administrative remedies prerequisite to the filing of this lawsuit.

## IV. STATEMENT OF FACTS

16. Williams is African-American and in a protected class.

17. Williams is sixty-seven (67) years of age and in a protected class.

18. Williams has worked for the City of Ashville for approximately thirteen-and-a-half (13 ½) years.

19. Williams is the only African-American employee working in the City's municipal office.

20. Williams's title on paper is City Clerk/Magistrate.

21. Williams's current rate of pay is $ 12.43 per hour, or approximately $25,480 annually.

22. The City represented to the EEOC that it aligned employee pay with the 2018 Alabama League of Municipalities Wage Analysis and Survey for similarly-sized municipalities.

23. However, the "current or average" rate of pay for City Clerk/Magistrates in similarly-sized municipalities in 2018 was $16.76 per hour, or $34,863 annually.

24. Williams performs many other duties for the City in addition to her magistrate duties without receiving the corresponding pay.

25. Williams has processed the City's payroll for all City employees since 2009 without any additional compensation.

26. The "average or current" annual salary of Payroll/Benefit Clerks in similarly-sized municipalities in 2018 was $48,360.

27. Williams also performs accounts payable/receivable, administrative office work, and fills in for the Water Clerk and other employees without additional compensation.

28. Williams performed the Court Clerk position exclusively (in addition to the Magistrate, Payroll, and other duties) from September 2010 to November 2018 without receiving the corresponding pay.

29. In November 2018, Defendants hired a Caucasian employee as Court Clerk at $14.50 per hour while paying Williams $12.25 per hour to perform those same (and additional) duties.

30. The employee hired in 2018 as Court Clerk at $14.50 per hour is significantly younger and less experienced than Williams.

31. The City never paid Williams $ 14.50 to perform the Court Clerk position.

32. Williams continues to process court payments, which is a significant duty of the Court Clerk (in addition to her Magistrate, Payroll Clerk, and other duties), at $12.25 per hour.

33. The entire time that Williams has been employed with the City, Defendants have never given her a merit increase despite good performance.

34. Defendants have given Caucasian employees merit increases.

35. Defendants have given younger employees merit increases.

36. Defendants have never given Williams any salary adjustment for the duties she is actually performing.

37. Defendants have given Caucasian employees salary adjustments.

38. Defendants have given younger employees salary adjustments.

39. Defendants have hired Caucasian employees performing the same or fewer duties at salaries greater than Williams's salary.

40. Defendants have hired younger employees performing the same or fewer duties at salaries greater than Williams's salary.

41. Williams has more experience and time of service than the Caucasian employees to whom Defendants pay a higher salary.

42. Williams has more experience and time of service than the younger employees to whom Defendants pays a higher salary.

43. Defendants pay part-time Caucasian employees the same or slightly less than Williams, who is a full-time employee.

44. Defendants pay part-time younger employees the same or slightly less than Williams, who is a full-time employee.

45. Williams knows she is paid less than similarly-situated Caucasian and younger employees because she processes payroll for the City.

46. Williams is the lowest-paid, full-time employee in her department.

47. Williams has applied for but has been denied promotions over the years that were given to Caucasian employees.

48. Williams has applied for but has been denied promotions over the years that were given to younger employees.

49. Williams has complained over the years about the discrimination to her superiors, including the City Mayor and City Council members.

50. Williams complained to City Council Member Price about her discriminatory pay during the summer of 2019.

51. Williams complained to City Council Member Lane upon his joining the council about her discriminatory pay.

52. Williams complained to Mayor Mostella about her discriminatory pay multiple times, including when other employees received raises.

53. The Mayor and Council Members would dismiss Williams's complaints with statements such as, any raise would have to be "placed on the budget."

54. However, each year the budget was proposed by the City Mayor and passed by the City Council without including a raise for Williams.

55. After each complaint, Defendants would assign Williams additional and less preferable duties, and duties and positions with less status, while continuing to pay her discriminatorily.

56. The younger, Caucasian Court Clerk hired at $14.50 has received two raises in the past two years.

57. Caucasian employees receive preferential treatment in the terms, conditions, and pay of their employment.

58. Younger employees receive preferential treatment in the terms, conditions, and pay of their employment.

59. Defendants have discriminated against Williams on the basis of race, African American, in violation of Section 1981 of the Civil Rights Act of 1866, as amended.

60. The City has discriminated against Williams on the basis of race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

61. The City has retaliated against Williams for engaging in statutorily-protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

62. The City has discriminated against Williams on the basis of age in violation of the Age Discrimination in Employment Act of 1967, as amended.

63. Defendants have denied and deprived Williams of equal protection under color of law in violation of the Fourteenth Amendment to the United States Constitution.

64. Williams is asserting claims against the City, the Mayor, and the City Council Members (collectively "Defendants") in their official and individual capacities under 42 U.S.C. § 1983.

65. Williams has suffered pecuniary and nonpecuniary harm as a result of Defendants' unlawful employment actions.

## COUNT I

### SECTION 1983 – SECTION 1981 RACE DISCRIMINATION AGAINST ALL DEFENDANTS

66. Plaintiff re-alleges paragraph numbers 1-65 as if fully set forth herein.

67. Plaintiff is African-American and a member of a protected class.

68. Defendants treated Caucasian employees more favorably in the benefits, privileges, terms, conditions, and pay in their employment.

69. Defendants compensated Williams less than similarly-situated Caucasian employees.

70. Defendants failed to pay Williams a salary commensurate with the duties she was performing similar to Caucasian employees.

71. Defendants offered Caucasian employees better positions and duties with more status, and better promotional or career opportunities.

72. Defendants offered Caucasians other terms and conditions that were denied to Williams, including, but not limited to, giving Caucasian employees promotions and/or higher paid positions, and paying Caucasian employees more for the same job duties.

73. Defendants' adverse employment actions were motivated by race.

74. Defendants acted with malice or reckless indifference to Williams's federally protected rights.

75. Defendants have a pattern or practice of discriminating against African-American employees in the terms, conditions, and pay of employment.

76. Plaintiff suffered harm as a result of Defendants' unlawful actions.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, losses to retirement, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b) Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Sections 1983 and 1981;

c) Award such other and further relief as this Court deems just and proper.

## COUNT II
## TITLE VII – RACE DISCRIMINATION
## AGAINST DEFENDANT CITY OF ASHVILLE

77. Plaintiff re-alleges paragraph numbers 1-65 as if fully set forth herein.

78. Plaintiff is African-American and a member of a protected class.

79. Defendant treated Caucasian employees more favorably in the benefits, privileges, terms, conditions, and pay in their employment.

80. Defendant compensated Williams less than similarly-situated Caucasian employees.

81. Defendant failed to pay Williams a salary commensurate with the duties she was performing similar to Caucasian employees.

82. Defendant offered Caucasian employees better positions with more status, and better promotional or career opportunities.

83. Defendant offered Caucasian employees other terms and conditions that were denied to Williams, including, but not limited to, giving Caucasian employees promotions and/or higher paid positions, and paying Caucasian employees more for the same job duties.

84. Defendant's adverse employment actions were motivated by race.

85. Defendant acted with malice or reckless indifference to Williams's federally protected rights.

86. Defendant has a pattern or practice of discriminating against African-American employees in the terms, conditions, and pay of employment.

87. Plaintiff suffered harm as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, losses to retirement, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b) Grant a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

c) Award such other and further relief as this Court deems just and proper.

## COUNT III
## TITLE VII – RETALIATION
## AGAINST DEFENDANT CITY OF ASHVILLE

88. Plaintiff re-alleges paragraph numbers 1-65 as if fully set forth herein.

89. Plaintiff participated in protected activity by complaining to the Mayor and City Council members about her discriminatory pay.

90. Plaintiff also filed a Charge of Discrimination with the EEOC on November 26, 2019.

91. Defendant immediately began subjecting Plaintiff to retaliation by removing preferential job duties and giving them to other employees, resulting in Plaintiff having decreased status, decreased employment and promotional opportunities, and decreased quality of the terms and conditions of employment.

92. Defendant also began shifting less desirable duties to Williams from other employees without giving her the commensurate pay, including, but not limited to, requiring Williams to fill in for other positions without receiving appropriate pay.

93. Defendant failed to promote or properly compensate Plaintiff because Plaintiff engaged in protected activity.

94. Defendant's retaliation materially altered Plaintiff's work environment.

95. Defendant's retaliation was within close temporal proximity of her protected activity.

96. Defendant's alleged reasons for its adverse actions toward Plaintiff are pretextual.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, losses to retirement, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)  Grant a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

c)  Award such other and further relief as this Court deems just and proper.

## COUNT IV

## AGE DISCRIMINATION IN EMPLOYMENT ACT
## AGAINST DEFENDANT CITY OF ASHVILLE

97. Plaintiff re-alleges paragraph numbers 1-5, 13-15, 17-18, 20-28, 30-33, 35-36, 38, 40, 42, 44, 46, 48-54, 56, 58, 62, 65 as if fully set forth herein.

98. Plaintiff is over the age of forty (40).

99. Defendant treated younger employees more favorably in the benefits, privileges, terms, conditions, and pay in their employment.

100. Defendant compensated Williams less than similarly-situated younger employees.

101. Defendant failed to pay Williams a salary commensurate with the duties she was performing similar to younger employees.

102. Defendant offered younger employees better positions with more status, and better promotional or career opportunities.

103. Defendant offered younger employees other terms and conditions that were denied to Williams, including, but not limited to, giving younger employees promotions and/or higher paid positions, and paying younger employees more for the same job duties.

104. Defendant's adverse employment actions were because of age.

105. Defendant acted with malice or reckless indifference to Williams's federally protected rights.

106. Defendant has a pattern or practice of discriminating against older employees in the terms, conditions, and pay of employment.

107. Plaintiff suffered harm as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, losses to retirement, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b) Grant a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate the Age Discrimination in Employment Act, as amended;

c) Award such other and further relief as this Court deems just and proper.

## COUNT V

## SECTION 1983 – FOURTEENTH AMENDMENT (EQUAL PROTECTION) AGAINST ALL DEFENDANTS

108.　Plaintiff re-alleges paragraph numbers 1-65 as if fully set forth herein.

109.　Plaintiff is African-American and over the age of forty (40).

110.　Under color of law, Defendants denied Plaintiff equal protection to be free from discrimination and retaliation in the workplace.

111.　Defendants intentionally committed acts resulting in discrimination or retaliation against Plaintiff, either personally or by directing others.

112.　The Mayor and City Council had supervisory authority over Plaintiff.

113.　The violation of Plaintiff's and other protected employees' rights resulted from Defendants' execution of its policies, customs, or official decisions, which are ongoing.

114.　The violation of Plaintiff's and other protected employees' rights resulted from Defendants' failures to implement and enforce effective non-discriminatory policies and practices in the workplace, which are ongoing.

115.　Defendants were deliberately indifferent to Plaintiff's clearly established Constitutional and statutory rights.

116.　Defendants acted with malice or reckless disregard for Plaintiff's clearly established Constitutional and statutory rights.

117.　Plaintiff suffered harm as a result of Defendants' unlawful actions.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, losses to retirement, front pay, back pay, injunctive relief, compensatory and punitive damages, liquidated damages, costs, interest, and attorneys' fees;

b) Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Section 1983;

c) Award such other and further relief as this Court deems just and proper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests all of the relief set forth herein.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS

/s/ Leslie A. Palmer
Leslie Palmer (ASB-0436-L40P)
Attorney for Plaintiff Shelia Williams

**OF COUNSEL:**

PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
(205) 285-3050
leslie@palmerlegalservices.com

/s/ Sonya C. Edwards
Sonya C. Edwards (ASB-8848-S73E)
Attorney for Plaintiff Shelia Williams

17

**OF COUNSEL:**

EDWARDS LAW, LLC
3900 Montclair Road, Suite 1 # 130937
Birmingham, Alabama 35213
(205) 871-7567
sonya@sonyaedwardslaw.com