FILED
2022 Feb-04  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **SHELIA T. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CASE NO.: 4:21-cv-01502-CLM** |
| | ) |
| **CITY OF ASHVILLE,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER BY DEFENDANTS, DERRICK MOSTELLA, ROBIN BOWLIN, EDWARD ROSCOE LANE, SUE PRICE, SHIRLEY SMITH, AND R. DENISE WILLIAMS, TO PLAINTIFF'S COMPLAINT

Come now Defendants, Derrick Mostella, Robin Bowlin, Edward Roscoe Lane, Sue Price, Shirley Smith, and R. Denise Williams, by and through his/her/their undersigned counsel, and as Answer to the Plaintiff's Complaint in the above-styled cause say as follows:

## I.   JURISDICTION

1.   In response to paragraph 1 of the Plaintiff's Complaint, these Defendants do not contest jurisdiction.  To the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

## II.    PARTIES

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    The averments and allegations of paragraph 12 are legal and conclusory in nature, and therefore, do not require a response by these Defendants. To the extent that a response may be required, however, without in any way conceding that Plaintiff's claims have merit, and certainly reserving all defenses available to these Defendants, these Defendants admit that the Plaintiff has filed this lawsuit against them in both their official and individual capacities. These Defendants deny any and all other allegations that may be contained in this paragraph and demand strict proof thereof.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    These Defendants aver that the referenced document speaks for itself. Accordingly, paragraph 13 does not require a response by these Defendants. To the extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

14.    These Defendants aver that the referenced document speaks for itself. Accordingly, paragraph 14 does not require a response by these Defendants. To the extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

15.    These Defendants deny paragraph 15 of the Plaintiff's Complaint and demand strict proof thereof.

## IV.    STATEMENT OF FACTS

16.    These Defendants admit, on information and belief, that Plaintiff is African-American, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate. The remaining averments and allegations of paragraph 16 are legal and conclusory in nature, and therefore, do not require a response by these Defendants. To the extent a further response may be

required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded. Further, to the extent the Plaintiff is asserting that violations have occurred which relate to her allegedly being a member of a "protected class," the same is denied and strict proof is demanded.

17.     These Defendants admit, on information, and belief, that Plaintiff is 67 years of age, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate. The remaining averments and allegations of paragraph 17 are legal and conclusory in nature, and therefore, do not require a response by these Defendants. To the extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded. Further, to the extent the Plaintiff is asserting that violations have occurred which relate to her allegedly being a member of a "protected class," the same is denied and strict proof is demanded.

18.     Upon information and belief, these Defendants admit the averments of paragraph 18, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate.

19.    These Defendants adopt the Answer of Defendant City of Ashville in response to this paragraph and state that, upon information and belief, the Plaintiff is currently the only employee in the City's administrative office who identifies as African-American. However, only four employees work in the City's administrative office; and the City has a history of employing, and currently employs, multiple persons of a variety of racial backgrounds. Paragraph 19, as averred by the plaintiff, misrepresents the reality of the racial diversity in the City's workforce.

20.    These Defendants deny paragraph 20 of the Plaintiff's Complaint and demand strict proof thereof.

21.    Upon information and belief, these Defendants admit the averments of paragraph 21, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate. To the extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

22.    These Defendants adopt the Answer of Defendant City of Ashville in response to this paragraph and state that the City's response to the EEOC speaks for itself. Accordingly, paragraph 22 does not require a response by these Defendants. To the extent a further response may be required, or to the extent said paragraph

could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

23.    These Defendants deny paragraph 23 of the Plaintiff's Complaint and demand strict proof thereof.

24.    These Defendants deny paragraph 24 of the Plaintiff's Complaint and demand strict proof thereof.

25.    These Defendants deny paragraph 25 of the Plaintiff's Complaint and demand strict proof thereof.

26.    These Defendants deny paragraph 26 of the Plaintiff's Complaint and demand strict proof thereof.

27.    These Defendants deny paragraph 27 of the Plaintiff's Complaint and demand strict proof thereof.

28.    These Defendants deny paragraph 28 of the Plaintiff's Complaint and demand strict proof thereof.

29.    These Defendants deny paragraph 29 of the Plaintiff's Complaint and demand strict proof thereof.

30.    These Defendants deny paragraph 30 of the Plaintiff's Complaint and demand strict proof thereof.

31.     These Defendants deny paragraph 31 of the Plaintiff's Complaint and demand strict proof thereof.

32.     These Defendants deny paragraph 32 of the Plaintiff's Complaint and demand strict proof thereof.

33.     These Defendants deny paragraph 33 of the Plaintiff's Complaint and demand strict proof thereof.

34.     These Defendants deny paragraph 34 of the Plaintiff's Complaint and demand strict proof thereof.

35.     These Defendants deny paragraph 35 of the Plaintiff's Complaint and demand strict proof thereof.

36.     These Defendants deny paragraph 36 of the Plaintiff's Complaint and demand strict proof thereof.

37.     These Defendants deny paragraph 37 of the Plaintiff's Complaint and demand strict proof thereof.

38.     These Defendants deny paragraph 38 of the Plaintiff's Complaint and demand strict proof thereof.

39.     These Defendants deny paragraph 39 of the Plaintiff's Complaint and demand strict proof thereof.

40.    These Defendants deny paragraph 40 of the Plaintiff's Complaint and demand strict proof thereof.

41.    These Defendants deny paragraph 41 of the Plaintiff's Complaint and demand strict proof thereof.

42.    These Defendants deny paragraph 42 of the Plaintiff's Complaint and demand strict proof thereof.

43.    These Defendants deny paragraph 43 of the Plaintiff's Complaint and demand strict proof thereof.

44.    These Defendants deny paragraph 44 of the Plaintiff's Complaint and demand strict proof thereof.

45.    These Defendants deny paragraph 45 of the Plaintiff's Complaint and demand strict proof thereof.

46.    These Defendants deny paragraph 46 of the Plaintiff's Complaint and demand strict proof thereof.

47.    These Defendants deny paragraph 47 of the Plaintiff's Complaint and demand strict proof thereof.

48.    These Defendants deny paragraph 48 of the Plaintiff's Complaint and demand strict proof thereof.

49.     Denied as phrased. These Defendants state that while the Plaintiff may have "complained" to them at various times in various ways, these Defendants do not concede that any of Plaintiff's "complaints" to them related to alleged unlawful discrimination, or that any of Plaintiff's so-called "complaints" had merit, and to the extent this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

50.     Denied as phrased. These Defendants state that while the Plaintiff may have "complained" to them at various times in various ways, these Defendants do not concede that any of Plaintiff's "complaints" to them related to alleged unlawful discrimination, or that any of Plaintiff's so-called "complaints" had merit, and to the extent this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

51.     Denied as phrased. These Defendants state that while the Plaintiff may have "complained" to them at various times in various ways, these Defendants do not concede that any of Plaintiff's "complaints" to them related to alleged unlawful discrimination, or that any of Plaintiff's so-called "complaints" had merit, and to the extent this paragraph could in any way be interpreted as asserting allegations of

liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

52.     Denied as phrased. These Defendants state that while the Plaintiff may have "complained" to them at various times in various ways, these Defendants do not concede that any of Plaintiff's "complaints" to them related to alleged unlawful discrimination, or that any of Plaintiff's so-called "complaints" had merit, and to the extent this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

53.     These Defendants deny paragraph 53 of the Plaintiff's Complaint and demand strict proof thereof.

54.     These Defendants deny paragraph 54 of the Plaintiff's Complaint and demand strict proof thereof.

55.     These Defendants deny paragraph 55 of the Plaintiff's Complaint and demand strict proof thereof.

56.     These Defendants deny paragraph 56 of the Plaintiff's Complaint and demand strict proof thereof.

57.     These Defendants deny paragraph 57 of the Plaintiff's Complaint and demand strict proof thereof.

58.     These Defendants deny paragraph 58 of the Plaintiff's Complaint and demand strict proof thereof.

59.     These Defendants deny paragraph 59 of the Plaintiff's Complaint and demand strict proof thereof.

60.     In response to paragraph 60, the allegations are legal and conclusory in nature and do not appear to be directed to or to assert any allegations against these Defendants, and, therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

61.     In response to paragraph 61, the allegations are legal and conclusory in nature and do not appear to be directed to or to assert any allegations against these Defendants, and, therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

62.     In response to paragraph 62, the allegations are legal and conclusory in nature and do not appear to be directed to or to assert any allegations against these Defendants, and, therefore, do not require a response by these Defendants. To the

extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

63.     These Defendants deny paragraph 63 of the Plaintiff's Complaint and demand strict proof thereof.

64.     The averments and allegations of paragraph 64 are legal and conclusory in nature, and therefore, do not require a response by these Defendants. To the extent that a response may be required, however, without in any way conceding that Plaintiff's claims have merit, and certainly reserving all defenses available to these Defendants, these Defendants admit that the Plaintiff has filed this lawsuit against them in both their official and individual capacities. These Defendants deny any and all other allegations that may be contained in this paragraph and demand strict proof thereof.

65.     These Defendants deny paragraph 65 of the Plaintiff's Complaint and demand strict proof thereof.

## COUNT I

## SECTION 1983 – SECTION 1981 RACE DISCRIMINATION AGAINST ALL DEFENDANTS

66.     In response to paragraph 66 of the Plaintiff's Complaint, these Defendants reassert and reallege all defenses as previously set forth herein.

67.     These Defendants admit, on information and belief, that Plaintiff is African-American, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate. The remaining averments and allegations of paragraph 67 are legal and conclusory in nature, and therefore, do not require a response by these Defendants. To the extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded. Further, to the extent the Plaintiff is asserting that violations have occurred which relate to her allegedly being a member of a "protected class," the same is denied and strict proof is demanded.

68.     These Defendants deny paragraph 68 of the Plaintiff's Complaint and demand strict proof thereof.

69.     These Defendants deny paragraph 69 of the Plaintiff's Complaint and demand strict proof thereof.

70.     These Defendants deny paragraph 70 of the Plaintiff's Complaint and demand strict proof thereof.

71.     These Defendants deny paragraph 71 of the Plaintiff's Complaint and demand strict proof thereof.

72.     These Defendants deny paragraph 72 of the Plaintiff's Complaint and demand strict proof thereof.

73.     These Defendants deny paragraph 73 of the Plaintiff's Complaint and demand strict proof thereof.

74.     These Defendants deny paragraph 74 of the Plaintiff's Complaint and demand strict proof thereof.

75.     These Defendants deny paragraph 75 of the Plaintiff's Complaint and demand strict proof thereof.

76.     These Defendants deny paragraph 76 of the Plaintiff's Complaint and demand strict proof thereof.

**NOTE:**     In response to the unnumbered "WHEREFORE" paragraph at the end of this section, these Defendants deny that the Plaintiff is entitled to the relief she seeks, deny any and all claims for damages or other relief, and deny the allegations of the Plaintiff's Complaint as set out above and demand strict proof thereof.

## COUNT II

### TITLE VII – RACE DISCRIMINATION
### AGAINST THE CITY OF ASHVILLE

77.     In response to paragraph 77 of the Plaintiff's Complaint, these Defendants reassert and reallege all defenses as previously set forth herein.

78.    In response to paragraph 78, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

79.    In response to paragraph 79, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

80.    In response to paragraph 80, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

81.    In response to paragraph 81, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

82.    In response to paragraph 82, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

83.    In response to paragraph 83, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

84.    In response to paragraph 84, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

85.    In response to paragraph 85, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

86.    In response to paragraph 86, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

87.    In response to paragraph 87, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

**NOTE:**    In response to the unnumbered "WHEREFORE" paragraph at the end of this section, these Defendants deny that the Plaintiff is entitled to the relief she seeks, deny any and all claims for damages or other relief, and deny the allegations of the Plaintiff's Complaint as set out above and demand strict proof thereof.

## COUNT III

## TITLE VII – RETALIATION
## AGAINST THE CITY OF ASHVILLE

88.    In response to paragraph 88 of the Plaintiff's Complaint, these Defendants reassert and reallege all defenses as previously set forth herein.

89.    These Defendants deny paragraph 89 of the Plaintiff's Complaint and demand strict proof thereof.

90.    These Defendants aver that the referenced document speaks for itself. Accordingly, paragraph 90 does not require a response by these Defendants. To the

extent a further response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants, the same is denied and strict proof is demanded.

91.    In response to paragraph 91, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

92.    In response to paragraph 92, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

93.    In response to paragraph 93, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these

Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

94.    In response to paragraph 94, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

95.    In response to paragraph 95, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

96.    In response to paragraph 96, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied

and strict proof is demanded.

**NOTE:**     In response to the unnumbered "WHEREFORE" paragraph at the end of this section, these Defendants deny that the Plaintiff is entitled to the relief she seeks, deny any and all claims for damages or other relief, and deny the allegations of the Plaintiff's Complaint as set out above and demand strict proof thereof.

## COUNT IV

## AGE DISCRIMINATION IN EMPLOYMENT ACT AGAINST THE CITY OF ASHVILLE

97.     In response to paragraph 97 of the Plaintiff's Complaint, these Defendants reassert and reallege all defenses as previously set forth herein.

98.     Upon information and belief, these Defendants admit the averments of paragraph 98, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate.

99.     In response to paragraph 99, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

100.    In response to paragraph 100, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

101.    In response to paragraph 101, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

102.    In response to paragraph 102, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

103.   In response to paragraph 103, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

104.   In response to paragraph 104, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

105.   In response to paragraph 105, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

106.   In response to paragraph 106, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

107.   In response to paragraph 107, the allegations of this paragraph do not appear to be directed to or to assert any allegations against these Defendants, and therefore, do not require a response by these Defendants. To the extent said paragraph could in any way be interpreted as asserting allegations against these Defendants or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

**NOTE:**     In response to the unnumbered "WHEREFORE" paragraph at the end of this section, these Defendants deny that the Plaintiff is entitled to the relief she seeks, deny any and all claims for damages or other relief, and deny the allegations of the Plaintiff's Complaint as set out above and demand strict proof thereof.

## COUNT V

## SECTION 1983 – FOURTEENTH AMENDMENT (EQUAL PROTECTION) AGAINST ALL DEFENDANTS

108.   In response to paragraph 108 of the Plaintiff's Complaint, these Defendants reassert and reallege all defenses as previously set forth herein.

109.   Upon information and belief, these Defendants admit the averments of paragraph 109, but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate.

110.   These Defendants deny paragraph 110 of the Plaintiff's Complaint and demand strict proof thereof.

111.   These Defendants deny paragraph 111 of the Plaintiff's Complaint and demand strict proof thereof.

112.   In response to paragraph 112, these Defendants aver that the Plaintiff's supervisor is Hon. Chrystal St. John, City Clerk, so said paragraph is denied as phrased and strict proof is demanded.

113.   These Defendants deny paragraph 113 of the Plaintiff's Complaint and demand strict proof thereof.

114.   These Defendants deny paragraph 114 of the Plaintiff's Complaint and demand strict proof thereof.

115.   These Defendants deny paragraph 115 of the Plaintiff's Complaint and demand strict proof thereof.

116.   These Defendants deny paragraph 116 of the Plaintiff's Complaint and demand strict proof thereof.

117.   These Defendants deny paragraph 117 of the Plaintiff's Complaint and demand strict proof thereof.

**NOTE:**   In response to the unnumbered "WHEREFORE" paragraph at the end of this section, these Defendants deny that the Plaintiff is entitled to the relief she seeks, deny any and all claims for damages or other relief, and deny the allegations of the Plaintiff's Complaint as set out above and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent not specifically admitted in this Answer, these Defendants deny all material averments and allegations of the Plaintiff's Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead that the Plaintiff's claims against him/her/them are barred by the applicable statute of limitations.

## THIRD DEFENSE

The Complaint separately and severally fails to state claims upon which relief can be demanded.

## FOURTH DEFENSE

To avoid waiver, these Defendants plead the rule of repose.

## FIFTH DEFENSE

These Defendants plead that Plaintiff failed to exhaust her administrative remedies.

## SIXTH DEFENSE

To avoid waiver, these Defendants plead lack of standing.

## SEVENTH DEFENSE

To avoid waiver, these Defendants plead failure to file EEOC charge within 180 days of alleged incident.

## EIGHTH DEFENSE

All of Plaintiff's claims which occurred more than 180 days prior to the filing of her charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the applicable procedures.

## NINTH DEFENSE

Plaintiff is not due injunctive relief.

## TENTH DEFENSE

These Defendants deny that he/she/they committed any unlawful employment practices.

## ELEVENTH DEFENSE

These Defendants deny any intent to discriminate.

## TWELFTH DEFENSE

These Defendants deny any discrimination in wages, benefits, or other compensation.

## THIRTEENTH DEFENSE

These Defendants deny any improper motive.

## FOURTEENTH DEFENSE

These Defendants deny that any employment decision was motivated by the Plaintiff's race, age, or other protected status.

## FIFTEENTH DEFENSE

Plaintiff's race, age, and/or other protected status played no part whatsoever in any employment action by these Defendants.

## SIXTEENTH DEFENSE

The plaintiff would have been treated the same regardless of her race, age, or other protected status.

## SEVENTEENTH DEFENSE

These Defendants plead good faith as to all employment decisions and compliance with anti-discrimination laws.

## EIGHTEENTH DEFENSE

The Plaintiff did not suffer any adverse employment action, nor was any adverse employment action because of any alleged discrimination or alleged retaliation.

## NINETEENTH DEFENSE

These Defendants at all times acted reasonably and in good faith toward the Plaintiff.

## TWENTIETH DEFENSE

Even if any adverse employment decisions by these Defendants toward Plaintiff were motivated by some unlawful intent, which they were not, these Defendants would have made the same decisions with respect to Plaintiff regardless of such motivation.

## TWENTY-FIRST DEFENSE

These Defendants aver that any employment decisions made with respect to the Plaintiff were based on legitimate business reasons.

## TWENTY-SECOND DEFENSE

Defendants assert that he/she/they have not engaged in any behavior which would give rise to an action under 42 U.S.C. § 1983 and/or 42 U.S.C. § 1981.

## TWENTY-THIRD DEFENSE

Defendants assert that he/she/they have not engaged in any action or inaction giving rise to a cause of action under the Equal Protection Clause of the United States Constitution.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff's 42 U.S.C. § 1983 claims are based upon some constitutional violation, Plaintiff's Complaint fails to allege a specific constitutional right that has been violated.

## TWENTY-FIFTH DEFENSE

These Defendants are not the Plaintiff's employer.

## TWENTY-SIXTH DEFENSE

These Defendants deny any wrongdoing.

## TWENTY-SEVENTH DEFENSE

These Defendants did not violate any constitutional rights of the Plaintiff or commit any tort against Plaintiff.

## TWENTY-EIGHTH DEFENSE

These Defendants did not violate any clearly established constitutional rights of the Plaintiff or any constitutional right of which a reasonable person would have known.

## TWENTY-NINTH DEFENSE

These Defendants plead the general issue.

## THIRTIETH DEFENSE

These Defendants plead lack of proximate cause.

## THIRTY-FIRST DEFENSE

These Defendants deny any due process violation.

## THIRTY-SECOND DEFENSE

These Defendants deny any Fourteenth Amendment violation.

## THIRTY-THIRD DEFENSE

These Defendants deny any equal protection violation.

## THIRTY-FOURTH DEFENSE

These Defendants deny any violation of Plaintiff's civil rights.

## THIRTY-FIFTH DEFENSE

These Defendants deny any unlawful retaliation.

## THIRTY-SIXTH DEFENSE

These Defendants deny any unlawful discrimination whatsoever.

## THIRTY-SEVENTH DEFENSE

These Defendants deny that his/her/their alleged actions were negligent or that he/she/they breached any duty owed to Plaintiff, legal or otherwise. These Defendants further deny that any breach of any duty caused or contributed to cause the alleged injuries and damages of the Plaintiff.

## THIRTY-EIGHTH DEFENSE

Plaintiff's complaint is a shotgun pleading, repeating the same allegations across multiple counts, in violation of Rule 8, Fed. R. Civ. P., and in violation of Twombly and Iqbal pleading standards.

## THIRTY-NINTH DEFENSE

These Defendants plead Mt. Healthy v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

## FORTIETH DEFENSE

Defendants deny there is any causal relationship between any of their alleged actions or conduct and the injuries and damages allegedly suffered by the Plaintiff.

## FORTY-FIRST DEFENSE

Defendants plead that any action taken or thing not done with respect to the circumstances leading up to, arising out of, or surrounding the claims made the basis of the Plaintiff's Complaint were justified, reasonable, and done in good faith.

## FORTY-SECOND DEFENSE

These Defendants plead good faith compliance with all applicable state and federal law.

## FORTY-THIRD DEFENSE

These Defendants deny any liability to the Plaintiff pursuant to 42 U.S.C. § 1983.

## FORTY-FOURTH DEFENSE

These Defendants plead the doctrine of unclean hands.

## FORTY-FIFTH DEFENSE

These Defendants plead the doctrine of contributory negligence by the Plaintiff.

## FORTY-SIXTH DEFENSE

These Defendants plead all immunities available to him/her/them under the laws of the State of Alabama and the United States of America.

## FORTY-SEVENTH DEFENSE

Defendants are entitled to immunity, including (but not limited to): absolute immunity, statutory immunity, qualified immunity, discretionary immunity, legislative immunity, Eleventh Amendment immunity, and/or substantive immunity.

## FORTY-EIGHTH DEFENSE

Plaintiff was guilty of provocation and other activities.

## FORTY-NINTH DEFENSE

Plaintiff's claim to punitive damages is unconstitutional under the United States and/or Alabama Constitutions.

## FIFTIETH DEFENSE

These Defendants were legally justified for their/its actions.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred or prohibited by the plaintiff's own wrongful acts or omissions.

## FIFTY-SECOND DEFENSE

These Defendants demand strict proof of the extent or nature of any damages or injuries allegedly suffered by Plaintiff.

## FIFTY-THIRD DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTY-FOURTH DEFENSE

These Defendants assert that his/her/their actions are justified under legal process.

## FIFTY-FIFTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs under 42 U.S.C. § 1988.

## FIFTY-SIXTH DEFENSE

These Defendants complied with all laws.

## FIFTY-SEVENTH DEFENSE

These Defendants plead equitable estoppel, collateral estoppel, judicial estoppel, and such other estoppel as may apply to the circumstances.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred by waiver.

## SIXTIETH DEFENSE

These Defendants' actions were privileged under the circumstances.

## SIXTY-FIRST DEFENSE

Some or all of the damages claimed by Plaintiff are subject to set-off, offset, or recoupment by pro tanto settlements, by super liens, by subrogation, and/or by

reimbursement.

## SIXTY-SECOND DEFENSE

There is insufficient proof for the jury to award damages for loss of wages and income.

## SIXTY-THIRD DEFENSE

Plaintiff may not recover damages for mental anguish in this case.

## SIXTY-FOURTH DEFENSE

The Plaintiff has willfully concealed facts which therefore bars her recovery in this action.

## SIXTY-FIFTH DEFENSE

These Defendants assert the statutory limitations on recovery of any damages against it/them under any federal or State law.

## SIXTY-SIXTH DEFENSE

These Defendants deny that the Plaintiff is entitled to attorney fees and/or costs under any statute, based on the events made the basis of the Plaintiff's claims.

## SIXTY-SEVENTH DEFENSE

These Defendants are immune from all official capacity claims pursuant to the Eleventh Amendment to the United States Constitution.

## SIXTY-EIGHTH DEFENSE

Plaintiff's claim for monetary relief against these Defendants is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## SIXTY-NINTH DEFENSE

To the extent that Plaintiff makes an equal protection claim framed as a "class of one" claim, plaintiff has failed to demonstrate the existence of a similarly situated comparator who is *prima facie* identical in relevant respects.

## SEVENTIETH DEFENSE

To the extent that plaintiff makes an equal protection claim framed as a "selective enforcement" claim, plaintiff has failed to present evidence that individuals of a different status could have been subjected to similar treatment, but were not.

## SEVENTY-FIRST DEFENSE

To the extent such may be applicable, these Defendants adopt as his/her/their own the affirmative defenses pled by any co-Defendant.

## SEVENTY-SECOND DEFENSE

These Defendants reserve the right to file any additional affirmative defenses that may arise as a result of further discovery and investigation as to the allegations contained in the Plaintiff's Complaint.

**WHEREFORE, PREMISES CONSIDERED**, these Defendants respectfully request (1) that the Plaintiff have and recover nothing in this action; (2) that the action be dismissed with prejudice pursuant to law; (3) that the costs of this action be taxed against the Plaintiff pursuant to law; and (4) that the Court grant to these Defendants such other further relief as may seem just and proper.

Respectfully submitted,

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)

*/s/ Lisa M. Ivey*
Lisa M. Ivey (asb-2264-a36i)

Attorneys for Defendants Mostella, Bowlin, Lane, Price, Smith and Williams

*OF COUNSEL:*
**STUBBS, SILLS & FRYE P.C.**
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Email:  david@stubbssillsfrye.com
            lisa@stubbssillsfrye.com

## JURY DEMAND

These Defendants demand trial by struck jury.

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)

-38-

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the following has been served a copy of the foregoing document, on the 4th day of February 2022, by placing the same in the U.S. mail, postage prepaid and properly addressed; or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
leslie@palmerlegalservices.com
*Attorney for Plaintiff*

Sonya C. Edwards
EDWARDS LAW, LLC
3900 Montclair Road, Suite 1 # 130937
Birmingham, Alabama 35213
sonya@sonyaedwardslaw.com
*Attorney for Plaintiff*

Bradley W. Cornett
Ford, Howard & Cornett, P.C.
Post Office Box 388
Gadsden, Alabama 35902
Brad@FordHowardCornett.com
*Attorney for the City of Ashville*

                                      */s/ C. David Stubbs*
                                      C. David Stubbs (asb-7248-u83c)